IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PIONEER HI-BRED INTERNATIONAL, INC., CORTEVA AGRISCIENCE, LLC, AGRELIANT GENETICS, LLC, BECK'S SUPERIOR HYBRIDS, INC., and WINFIELD SOLUTIONS, LLC,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>ALTEN, LLC, MEAD CATTLE COMPANY, LLC, GREEN DISPOSAL MEAD LLC, PLATTE RIVER GREEN FUELS, LLC, and TANNER SHAW, in his individual and official capacities,<br><br>　　　　　　Defendants. | 8:22CV70<br><br>ORDER REGARDING MOTION TO FILE AMICUS |
| SYNGENTA SEEDS, LLC,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>ALTEN, LLC, MEAD CATTLE COMPANY, LLC, GREEN DISPOSAL MEAD LLC, TANNER SHAW, and SCOTT TINGELHOFF,<br><br>　　　　　　Defendants. | 8:22CV71<br><br>ORDER REGARDING MOTION TO FILE AMICUS BRIEF |
| BAYER US LLC,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>ALTEN, LLC, MEAD CATTLE COMPANY, LLC, GREEN DISPOSAL MEAD LLC, PLATTE RIVER GREEN FUELS, LLC, and TANNER SHAW, in his individual and official capacities,<br><br>　　　　　　Defendants. | 8:22CV82<br><br>ORDER REGARDING MOTION TO FILE AMICUS BRIEF |

1

This case is before the Court on the State of Nebraska's Motion for Leave to File an Amicus Curiae Brief on Plaintiffs' Joint Motion for Preliminary Injunction and Order for Immediate Attachment in each case. Case No. 8:22cv70, Filing 89; Case No. 8:22cv71, Filing 77; Case No. 8:22cv82, Filing 81. Another judge in this district recently observed,

> There is no governing standard, rule or statute prescribing the procedure for obtaining leave to file an amicus brief in the district court. *Soos v. Cuomo*, 470 F. Supp. 3d 268, 284 (N.D.N.Y. 2020); *see Or.-Cal. Trails Ass'n v. Walsh*, 467 F. Supp. 3d 1007, 1073 (D. Colo. 2020); *City of Columbus v. Trump*, 453 F. Supp. 3d 770, 785 (D. Md. 2020). So, the Court has broad discretion to permit or deny the participation of amici curiae in a given case. *Id.*; *see, e.g., Levin Richmond Terminal Corp. v. City of Richmond*, 482 F. Supp. 3d 944, 951 n.1 (N.D. Cal. 2020); *United States v. Feng Tao*, 499 F. Supp. 3d 940, 972 (D. Kan. 2020); *Walsh*, 467 F. Supp. 3d at 1073. Factors the Court considers may include the parties' own representation, the interest of the prospective amicus, and whether any parties will be prejudiced. *See Soos*, 470 F. Supp. 3d at 284; *Levin Richmond*, 482 F. Supp. 3d at 951 n.1; *Walsh*, 467 F. Supp. 3d at 1073; *Edgar v. Coats*, 454 F. Supp. 3d 502, 522 (D. Md. 2020), *aff'd sub nom. Edgar v. Haines*, 2 F.4th 298 (4th Cir. 2021); *City of Columbus*, 453 F. Supp. 3d at 785-86; *Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs.*, 38 F. Supp. 3d 1043, 1054 (D. Minn. 2014).

*Lyons v. York Cnty. Bd. of Commissioners*, No. 4:21-CV-3296, 2022 WL 523751, at *1 (D. Neb. Feb. 22, 2022).

In this case, the State of Nebraska has separate representation from any of the parties. *Id.* (first consideration). It also has a unique interest in protecting the natural resources of the State as well as an interests in enforcement and oversight concerning remediation of polluted sites. *Id.* (second consideration). Thus, the Court finds that the State of Nebraska's participation as amicus curiae will be helpful to this Court and will offer insights and perspectives different from the parties. Furthermore, the Court does not find that any parties will be prejudiced by participation of the State of Nebraska as amicus curiae. *Id.* (third consideration).

Accordingly,

IT IS ORDERED that the State of Nebraska's Motion for Leave to File an Amicus Curiae Brief on Plaintiffs' Joint Motion for Preliminary Injunction and Order for Immediate Attachment

in each case, Case No. 8:22cv70, Filing 89; Case No. 8:22cv71, Filing 77; Case No. 8:22cv82, Filing 81, is granted. The State of Nebraska shall file its amicus brief in each case.

Dated this 24th day of January, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge